**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4925**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

SHAQUAN HINES, a/k/a Shy Money, a/k/a Shy Quan, a/k/a Shy,

                Defendant - Appellant.

———————

**No. 11-4936**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LONNIE LEON JACOBS,

                Defendant - Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:10-cr-01160-CMC-2; 3:10-cr-01160-CMC-1)

———————

Submitted: March 29, 2012          Decided: April 11, 2012

———————

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

---

Scarlet B. Moore, Greenville, South Carolina; Timothy K. Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellants. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Shaquan Hines and Lonnie Leon Jacobs appeal the sentences imposed on them after pleading guilty pursuant to written plea agreements to conspiracy to possess with intent to distribute 500 grams or more of cocaine, and to conspiracy to commit Hobbs Act robbery, respectively. Counsel for both Hines and Jacobs have submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that they have divined no meritorious grounds for appeal but requesting that the court review their clients' guilty pleas and sentences for error. Neither Hines nor Jacobs has filed a pro se supplemental brief.

Because neither Hines nor Jacobs challenged the validity of their guilty pleas in the district court, we review them for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Our review of the record reveals that the district court complied with the dictates of Fed. R. Crim. P. 11 and committed no error warranting correction on plain error review.

The sentences imposed upon Hines and Jacobs are also free of error. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). First, we ensure that the district court committed no significant procedural error, "such

3

as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, taking into account the "totality of the circumstances." Id. In this respect, "an appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis in original). A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Our review of the record persuades us that the sentences of both Defendants are procedurally reasonable inasmuch as the district court properly calculated the applicable Guidelines ranges and appropriately explained the sentences in light of the § 3553(a) factors. The sentences were also substantively reasonable in light of the totality of the circumstances, particularly as Hines' sentence fell within the applicable Guidelines range and Jacobs' fell below it.

4

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Hines and Jacobs, in writing, of the right to petition the Supreme Court of the United States for further review. If Hines or Jacobs requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hines and Jacobs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>